**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

| | |
|---|---|
| **JEANNETTA BLACKMON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | **Civil Action No. 1:26-00283** |
| ) | |
| **WARDEN,** ) | |
| ) | |
| **Defendant.** ) | |

**O R D E R**

By Order entered on April 22, 2026, United States Magistrate Judge Dwane L. Tinsley construed Plaintiff's Section 2241 Petition as a Complaint initiating the above new civil action under Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971).[1] (Document Nos. 1 and 1-2.) The record indicates that Plaintiff has neither paid the filing and administrative fee nor submitted an Application to Proceed *in Forma Pauperis* or Without Prepayment of Fees and Costs. Plaintiff must pay the Court's filing fee ($350) and administrative fee ($55) totaling $405 or obtain approval to proceed *in forma pauperis* or without prepayment of fees. Title 28 U.S.C. § 1915 provides as follows:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

If Plaintiff obtains approval to proceed *in forma pauperis* or without prepayment of fees, Plaintiff

---

[1] Because Plaintiff is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

will be required to pay the full amount of the filing fee of $350.00 by payments sent to the Clerk of the Court by the prison where Plaintiff is incarcerated. 28 U.S. C. § 1915(b)(1).

Accordingly, it is hereby **ORDERED** that Plaintiff shall either pay the filing and administrative fee totaling $405 or file an Application to Proceed Without Prepayment of Fees and Costs by **June 5, 2026**. Failure of the Plaintiff to either pay the filing and administrative fee or file an Application to Proceed Without Prepayment of Fees and Costs by June 5, 2026, will result in a recommendation of dismissal of this matter without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure[2] and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia[3].

The Clerk is requested to mail a copy of this Order and a blank Application to Proceed Without Prepayment of Fees and Costs to Plaintiff, who is acting *pro se*.

ENTER: May 5, 2026.



Omar J. Aboulhosn
United States Magistrate Judge

---

[2] Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

[3] Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.